IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  04-cv-01382-ZLW-PAC

KENNETH E. PEPER,

    Plaintiff,

v.

DEPARTMENT OF AGRICULTURE OF THE UNITED STATES OF AMERICA;
MIKE JOHANNS, Secretary in his official capacity;
FOREST SERVICE OF THE UNITED STATES OF AMERICA; and
DALE BOSWORTH, as chief in his official capacity,

    Defendants.

---

## ORDER

---

The matters before the Court are (1) Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction And Failure To State A Claim (Motion); (2) a letter from Plaintiff filed July 20, 2005, that requests oral argument on the Motion; and (3) Plaintiff's Motion For Pre-trial Hearing And Oral Argument On Defendants' Rule 12 Motion To Dismiss.  Pursuant to 28 U.S.C. § 636(b)(1) (A) and (B) and Fed. R. Civ. P. 72(a) and (b), the Court referred the Motion to Magistrate Judge Patricia A. Coan, who recommended that the Court grant the Motion and dismiss the Complaint and cause of action because either the Court lacks subject matter jurisdiction or Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff filed timely and specific written objections. As required by 28 U.S.C. § 636(b), the Court has reviewed *de novo* all portions of the Recommendation to which Plaintiff has filed specific objections, and has considered carefully the Recommendation, the objections filed, and the applicable case law. Because Plaintiff appears *pro se*, the Court has construed his pleadings and submissions more liberally and held them to a less stringent standard than formal pleadings and submissions drafted by attorneys.[1] "In addition, *pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings."[2]

Plaintiff asserts subject matter jurisdiction pursuant to the Quiet Title Act, 28 U.S.C. § 2409a (QTA). The QTA requires a complaint to "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States."[3] Plaintiff's Complaint sets forth three bases for the alleged right, title, or interest in a road that crosses National Forest land and leads to his mining claim: as a public highway pursuant to Revised Statute 2477 (R.S. 2477);[4] as an

---

[1] See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Belmon, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

[2] Hall, 935 F.2d at 1110 n.3.

[3] 28 U.S.C. § 2409a(d) (1994).

[4] R.S. 2477 was previously codified at 43 U.S.C. § 932, but was repealed by the Federal Land Policy and Management Act (FLPMA), Pub. L. 94-579, 90 Stat. 2744, 2793 (1976). However, the FLPMA preserved all R.S. 2477 rights-of-way perfected as of October 21, 1976. See Pub. L. 94-579, Section 701(a), 90 Stat. 2744, 2793 (1976). See also So. Utah Wilderness v. Bureau of Land Management, 425 F.3d 735, 740-41 (10th Cir. 2005) (discussing history of R.S. 2477).

easement by necessity; and by virtue of a special use authorization for which he has applied pursuant to the Alaskan National Interest Land Conservation Act (ANILCA).[5]

The Magistrate Judge concluded that Plaintiff's interest in the road under R.S. 2477 is not the type of interest that permits a suit to quiet title because members of the public do not have title to public roads.  The fact that Plaintiff's predecessor in interest built the road, although relevant to his claim to have an easement by necessity, does not support his claim of an actionable title interest under R.S. 2477.  As the United States Court of Appeals for the Tenth Circuit stated in Kinscherff v. United States, "it is well-settled that members of the public do not have 'title' to public roads, and the interest which plaintiff seeks to pursue is not a 'title' interest which would allow him to bring suit to quiet title."[6]  To the extent Plaintiff's Complaint is based on R.S. 2477, therefore, it must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

The Magistrate Judge further concluded that the Court has jurisdiction under the QTA over Plaintiff's claim of an easement by necessity, but that the claim fails under Fed. R. Civ. P. 12(b)(6) because it is preempted by ANILCA and the Federal Land Policy Management Act (FLPMA).[7]  Plaintiff's reliance on Kinscherff for the proposition

---

[5]See 16 U.S.C. § 3210 (2000); 36 C.F.R. § 251.54.

[6]Kinscherff v. United States, 586 F.2d 159, 160-61 (10th Cir. 1978).  See also Fairhurst Family Ass'n, LLC v. United States, 172 F. Supp. 2d 1328, 1331-32 (D. Colo. 2001)(same).

[7]43 U.S.C. §§ 1701-1782 (1986 & Supp. 2005).

3

that a claim of an easement by necessity can be brought against the United States is misplaced because that case predates the passage of ANILCA.  Plaintiff's interpretation of <u>Adams v. United States</u>[8] is flawed.  In a later opinion in the same case, the United States Court of Appeals for the Ninth Circuit characterized its earlier holding by stating that the plaintiffs "do not have a common law easement because all common law claims are preempted by ANILCA and FLPMA where, as here, the United States owns the servient estate for the benefit of the public."[9]  Therefore, to the extent that Plaintiff's Complaint is based on an alleged easement by necessity, it must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

As to Plaintiff's application for a special use authorization under ANILCA, the Magistrate Judge concluded that the Complaint must be dismissed for failure to exhaust administrative remedies, since the application is still pending.  Plaintiff submitted his proposal for a special use authorization to the U.S. Forest Service on November 12, 2001.  Mike Johnson of the U.S. Department of Agriculture stated in his September 29, 2004, affidavit that the Forest Service expects that it will require two to three more years (i.e., until September 2006 or September 2007) to complete its administrative process on Plaintiff's request.  Plaintiff asserts that this is an unreasonably long period of time.  The Court agrees, and therefore will not dismiss this

---

[8]3 F.3d 1254 (9th Cir. 1993)(<u>Adams I</u>).

[9]<u>Adams v. United States</u>, 255 F.3d 787, 794 (9th Cir. 2001)(citing <u>Adams I</u>, 3 F.3d at 1259).

4

action at this time and will order that Defendants, over whom this Court has jurisdiction in this case, expedite their review and administrative process as to Plaintiff's application. Accordingly, it is

ORDERED that the Magistrate Judge's Recommendation is accepted and adopted in part. It is

FURTHER ORDERED that Plaintiff's objections to the Magistrate Judge's Recommendation are overruled in part and sustained in part. It is

FURTHER ORDERED that Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction And Failure To State A Claim is granted in part. It is

FURTHER ORDERED Plaintiff's claim under R.S. 2477 and his claim of an easement by necessity are dismissed with prejudice.

It is FURTHER ORDERED that Plaintiff's claim of an interest based upon a special use authorization under ANILCA will not be dismissed at this time. It is

FURTHER ORDERED that on or before December 1, 2006, Defendants shall complete and conclude the administrative process concerning Plaintiff's proposal for a special use authorization and provide notice to the Court that the process is completed, unless good cause is shown for an extension of time. It is

FURTHER ORDERED that Plaintiff's letter filed July 20, 2005, treated as a motion for oral argument, is denied at this time. It is

FURTHER ORDERED that Plaintiff's Motion For Pre-trial Hearing And Oral Argument On Defendants' Rule 12 Motion To Dismiss is denied.  It is

FURTHER ORDERED that Secretary of Agriculture Mike Johanns is substituted for former Secretary Ann M. Veneman pursuant to Fed. R. Civ. P. 25(d)(1), and the case caption is amended accordingly.

DATED at Denver, Colorado, this ___5___ day of September, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK,  Senior Judge
United States District Court