IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 04-cv-01382-ZLW-KLM

KENNETH E. PEPER,

    Plaintiff,

v.

DEPARTMENT OF AGRICULTURE OF THE UNITED STATES OF AMERICA;
MIKE JOHANNS, Secretary in his official capacity;
FOREST SERVICE OF THE UNITED STATES OF AMERICA; and
DALE BOSWORTH, as Chief in his official capacity,

    Defendants.

---

## ORDER

---

The matter before the Court is Plaintiff's Motion For Relief From Non-Final Order Dismissing Common Law And/Or Statutory Claims For Easement (Doc. No. 50). This Court previously ordered that this motion would be treated as a motion for reconsideration of this Court's September 6, 2006, Order.[1] Plaintiff seeks to vacate the dismissal of his easement by necessity claim by arguing that the holdings in Skranak v. U.S. Forest Service[2] and McFarland v. Norton[3] have resulted in a substantial change in the law previously relied on by this Court.

---

[1] Order (Doc. No. 28).

[2] Skranak v. U.S. Forest Service, 425 F.3d 1213 (9th Cir. 2005).

[3] McFarland v. Norton, 425 F.3d 724 (9th Cir. 2005); see Def.'s Notice Of Supplemental Authority (Doc. No. 58; Dec. 27, 2007).

A common law easement by necessity claim fails as a matter of law when a statutory right of access exists.[4] Thus, a landowner surrounded by National Forest Service (NFS) land can not bring an easement by necessity claim against the United States since a statutory scheme - via a permit process controlled by the Alaska National Land Conservation Act (ANILCA)[5] and the Federal Land Policy and Management Act (FLPMA)[6] - exists to handle these requests.[7]

As part of this statutory scheme, the NFS has promulgated regulations that require any ANILCA access permit determination to address pre-existing rights of access.[8] The Skranak court reversed and remanded since the NFS did not follow its regulations and address the plaintiffs' common law easement claims during the permit process.[9] However, Skranak goes no further than this and, despite Plaintiff's argument otherwise, does not hold that ANILCA no longer preempts all common law claims or that the NFS must not issue an ANILCA permit if a landowner has a pre-existing right of access.

---

[4] See United States v. Jenks, 129 F.3d 1348 (10th Cir. 1997); see also Adams v. United States, 3 F.3d 1254 (9th Cir. 1993); Adams v. United States, 255 F.3d 787 (9th Cir. 2001).

[5] 16 U.S.C. §§ 3101-3233 (2005).

[6] 43 U.S.C. §§ 1701-1782 (2005).

[7] It is possible that a common law easement by necessity claim *may* exist if, after all statutory schemes are completed, there remains no physical access to the land. Jenks, 129 F.3d at 1354. The easement by necessity claim does not arise until all statutory decisions are complete. In the present case Plaintiff was granted access to his land via his permit application so there is no need to address this hypothetical situation.

[8] Skranak, 425 F.3d at 1219-20; 36 C.F.R. § 251.114(f)(1) (2005).

[9] Id. at 1219, 1221.

In <u>McFarland</u>, the other case that Plaintiff argues supports his position, the district court found that the plaintiff's claims, which included an easement by necessity claim, were barred by the statute of limitations and dismissed the case.[10] The <u>McFarland</u> court reversed and remanded finding solely that the statute of limitations had not run.[11] Since the district court dismissed the case on procedural grounds, the merits of the claims were not ruled on and the factual basis of the claims was incomplete in the record.[12] The easement by necessity claim was remanded because there was no factual record available to review the merits of the claim, not because the <u>McFarland</u> court believed the claim had merit. Thus, <u>McFarland</u> provides no guidance here.

This Court was correct in dismissing Plaintiff's easement by necessity claim for failure to state a claim upon which relief can be granted since the statutory access provided by ANILCA and FLPMA preempt this claim.[13] Whether the NFS adequately addressed Plaintiff's possible pre-existing rights of access is properly addressed in an

---

[10]<u>McFarland</u>, 425 F.3d at 725, 729.

[11]<u>Id.</u> at 728.

[12]<u>Id.</u> at 729.

[13]Defendants ask this Court to modify its order to "reflect the fact that Plaintiff cannot meet the element of necessity for his claim for an easement by necessity due to the statutory access provided by ANILCA and FLPMA." Defs.' Resp. To P.'s Mot. For Relief From Non-Final Order Dismissing Common Law And/Or Statutory Claims For Easement (Doc. No. 56), at 11. This grant of statutory access did not occur until several months after the previous order was entered. However, the claim was properly dismissed at that time since Plaintiff had not yet exhausted his statutory rights of access as the permit process was still pending. See <u>supra</u> note 7. Therefore, the Court declines to amend the previous order.

Administrative Procedure Act (APA) claim, which is Plaintiff's sole remaining claim in this case.[14] Therefore, it is

ORDERED that Plaintiff's Motion For Relief From Non-Final Order Dismissing Common Law And/Or Statutory Claims For Easement (Doc. No. 50) is denied. It is

FURTHER ORDERED that judgment is entered pursuant to Fed. R. Civ. P. 54(b) in favor of Defendants and against Plaintiff on the three original claims in Plaintiff's Complaint which were dismissed on September 6, 2006 and July 19, 2007.[15]

DATED at Denver, Colorado, this __14__ day of February, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[14]See Order (Doc. No. 47; Jul. 19, 2007), at 2; see also Skranak, 425 F.3d at 1216 (case concerned an APA claim, not a easement by necessity claim).

[15]See Order (Doc. No. 47).