IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01382-ZLW-KLM

KENNETH E. PEPER,

    Plaintiff,

v.

DEPARTMENT OF AGRICULTURE OF THE UNITED STATES OF AMERICA,
MIKE JOHANS, SECRETARY IN HIS OFFICIAL CAPACITY,
FOREST SERVICE OF THE UNITED STATES OF AMERICA, and
DALE BOSWORTH, AS CHIEF IN HIS OFFICIAL CAPACITY,

    Defendant,

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Reinstate Discovery** [Docket No. 64; filed February 28, 2008] (the "Motion"). The Court must construe the motions liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Motion, Defendants' Response [Docket No. 66; filed March 6, 2008], Plaintiff's Reply [Docket No. 67; filed March 21, 2008], the case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE**, as set forth

1

below.

**I.      Background**

Plaintiff filed his Complaint in July of 2004, alleging that Defendants failed to issue him a special use permit and/or an easement to his property [Docket No. 1]. By Order dated September 5, 2006, the Court dismissed two of Plaintiff's claims, leaving only his claim for access to his property under the Alaska National Interest Land Conservation Act ("ANILCA") pending [Docket No. 28]. On May 15, 2007, Defendants notified the Court that they had issued Plaintiff two easements to access his property [Docket No. 37]. On July 20, 2007, Senior Judge Zita L. Weinshienk held a hearing on Plaintiff's claims, in which she both dismissed Plaintiff's claim brought pursuant to ANILCA and granted Plaintiff leave to file an Amended Complaint asserting a claim for review of the agency decision under the Administrative Procedure Act ("APA") [Docket No. 48]. Plaintiff filed his Second Amended Complaint on September 12, 2007 [Docket No. 51]. By Order dated February 14, 2008, Senior Judge Weinshienk entered a final judgment pursuant to Fed. R. Civ. P. 54(b) against Plaintiff, thereby dismissing the three original claims brought in his Complaint [Docket No. 59].

Plaintiff now attempts to re-open discovery in this case, asserting that "[d]ue process of law mandates that Plaintiff be afforded a reasonable opportunity to engage in discovery as per the Federal Rules of Civil Procedure." *Motion*, p. 4. Defendants first argue that Plaintiff was granted leave to amend his Complaint for a limited purpose: to allow for briefing of the identified APA claim. *Response* [#66], p. 2. As such, Defendants

contend that "Plaintiff's Second Amended Complaint attempts to resurrect the previously dismissed claims – under the guise of a 'Quiet Title' claim." *Id.* Defendants further argue that Plaintiff is not entitled to discovery on his APA claim, as the final agency decision of the Forest Service in granting Plaintiff's easements is subject to review under the "arbitrary or capricious" standard provided by the APA, and that the Court's review of the Agency decision is limited to the administrative record relied upon by the Agency. *Id.* at pgs. 3-5.

### A. Quiet Title Claim

In Senior Judge Weinshienk's Order [#47] dismissing Plaintiff's claim brought pursuant to ANILCA, she ordered that "Plaintiff may file an Amended Complaint on or before September 18, 2007, setting forth a claim for review of the agency decision under the Administrative Procedure Act (APA), *which then shall be the only claim at issue in this case.*" (emphasis provided). However, Plaintiff's Second Amended Complaint [#51] contains two claims for relief. The first is a quiet title claim, which Plaintiff purports to bring pursuant to 28 U.S.C. § 2409(a). Plaintiff states, "[t]he alternate sources of Plaintiff's title to said easement are: Common Law Easement of Necessity, Statutory Easement by Prescription under State Law, Statutory Public Road Easement under Revised Statute 2477, and in the absence of any of the above easements, a Statutory easement under 16 U.S.C. Section 3210, ANILCA." *Second Amended Complaint* [#51], p. 6. While Plaintiff asserts that "this is a viable claim that has been answered by the Defendants," this is simply not so. In their Answer, Defendants clearly state that these claims have previously been dismissed by the Court, and they therefore make no response, as none is required.

*Answer* [#63], p. 5. The Court also notes that Plaintiff previously attempted to file a First Amended Complaint [Docket No. 41; filed June 12, 2007] containing similar allegations in support of a quiet title claim as those currently in his Second Amended Complaint. Plaintiff's First Amended Complaint was treated as a Motion to Amend by the Court and was denied and stricken from the record [Docket No. 43; filed June 14, 2007].

Plaintiff was granted leave to file a Second Amended Complaint containing allegations related to his APA claim <u>only</u>. Plaintiff's attempts to re-package his previously-dismissed claims or further amend his complaint are unavailing. Plaintiff is not entitled to discovery on this claim, as it was not properly filed.

**B.     Administrative Procedure Act Claim**

Plaintiff's Second Claim for Relief is brought pursuant to the APA, and challenges whether the final agency decision of the Defendants in granting the easements at issue was arbitrary and capricious.

The courts review agency action under and "arbitrary [and] capricious" standard. 5 U.S.C. § 706(2)(A). The crucial question under the arbitrary and capricious standard is "whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *McAlpine v. U.S.*, 112 F.3d 1429, 1436 (10th Cir. 1997) (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971)). However, in making this inquiry, the Court may not substitute its judgment for that of the agency, but may only consider the relevant factors. *McAlpine*, 112 F.3d at 1436. The court may not set aside the agency's decision as arbitrary and capricious unless there is

4

no rational basis for the action. *Utahns for Better Transp., Inc.*, v. *United States Dep't of Transp.*, 305 F.3d 1152, 1165 (10th Cir. 2002). Moreover, "[j]udicial review under [the arbitrary and capricious] standard[] is generally based on the administrative record that was before the agency at the time of its decision . . . ." *Lewis v. Babbitt*, 998 F.2d 880, 882 (10th Cir. 1993) (citing *Citizens to Preserve Overton Park*, 401 U.S. at 419). The court "must have before it the 'whole record' on which the agency acted," *Appalachian Power Co. v. EPA*, 477 F.2d 495, 507 (4th Cir. 1973), and "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The whole administrative record is comprised of "all documents and materials directly or indirectly considered by the agency." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993) (citations omitted).

Given the standard of review regarding Plaintiff's APA claim, discovery is permissible only if there is a need to supplement the administrative record. *See, e.g., Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1575 (10th Cir. 1994); *Bar MK Ranches*, 994 F.2d at 740. Courts have only allowed for supplementation of the administrative record in limited circumstances. For instance, "[i]f the agency has failed to provide a reasoned explanation for its action, or if limitations in the administrative record make it impossible to conclude the action was the product of reasoned decisionmaking, the reviewing court may supplement the record or remand the case to the agency for further proceedings." *Id.* (citations omitted). In another circumstance, "[w]hen a showing

is made that the record may not be complete, limited discovery is appropriate to resolve that question." *Bar MK Ranches*, 994 F.2d at 740 (citing *Tenneco Oil Co. v. Dep't of Energy*, 475 F.Supp. 299, 317 (D.C.Del. 1979)).

Defendants point out that the administrative record on which they relied in making their decisions on Plaintiff's easements has yet to be filed with the Court or provided to Plaintiff. As such, neither the Court nor the Plaintiff has had the opportunity to examine the administrative record. Plaintiff can make no showing that the record is not complete and the Court cannot evaluate any potential limitations in the administrative record. At this stage of the case, Plaintiff has not demonstrated that he is entitled to supplement the administrative record through any discovery. Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's **Motion to Reinstate Discovery** [Docket No. 64; filed February 28, 2008] is **DENIED WITHOUT PREJUDICE.**

IT IS FURTHER **ORDERED** that a Status Conference is set for **April 30, 2008 at 2:30 p.m.** in Courtroom A 501, 5th floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado for the purposes of establishing a briefing schedule and submission of the administrative record.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: April 11, 2008