IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 04-cv-01382-ZLW-KLM

KENNETH E. PEPER,

    Plaintiff,

v.

DEPARTMENT OF AGRICULTURE OF THE UNITED STATES OF AMERICA;
MIKE JOHANNS, Secretary in his official capacity;
FOREST SERVICE OF THE UNITED STATES OF AMERICA; and
DALE BOSWORTH, as Chief in his official capacity,

    Defendants.

---

ORDER

---

Plaintiff Kenneth E. Peper is currently appealing this Court's orders dismissing the three original claims brought in this case.[1] On April 16, 2008, the United States Court of Appeals for the Tenth Circuit entered an order tolling briefing in the appeal because this Court's Fed. R. Civ. P. 54(b) certification is insufficient to provide the Tenth Circuit with jurisdiction.[2] Specifically, this Court's order did not properly set forth the reasons for the certification.[3]

---

[1] See Order (Doc. No. 28; Sep. 6, 2006) (dismissing one claim); Order (Doc. No. 47; Jul. 20, 2007) (dismissing remaining two claims).

[2] Order (Doc. No. 74-2).

[3] Id.; see Stockman's Water Co. v. Vaca Partners, L.P., 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting Old Republic Ins. Co. v. Durango Air Serv., Inc., 283 F.3d 1222, 1225 n.5 (10th Cir. 2002) ("courts entering a Rule 54(b) certification should 'clearly articulate their reasons and make careful statements based on the record supporting their determination of "finality" and "no just reason for delay" so that we [can] review a 54(b) order more intelligently [] and thus avoid jurisdictional remands.'").

On July 8, 2007 this Court held a hearing at which Plaintiff's remaining two original claims were dismissed.[4] At that hearing, the Court and parties agreed that Plaintiff should amend his Complaint to add an Administrative Procedure Act claim, the sole remaining claim in this case, and the Court gave Plaintiff sixty days to amend before judgment was to be entered on the original three claims. This unorthodox timing of the judgment was done solely to prevent the need for Plaintiff to pay a filing fee to open a new case with the APA claim. The APA claim could have been filed in an entirely separate lawsuit as it deals with different legal issues than the original three claims.[5] The case has moved past the stage of determining whether Defendants had the right to act, and has moved to determining whether Defendants' actions were proper. Thus, the judgment on the original three claims is final and no just reason for delay of entry of their judgment exists. Therefore, it is

---

[4]See Order (Doc. No. 47).

[5]See Stockman's, 425 F.3d at 1265 (citing Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8) (Court should consider whether "the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.").

ORDERED that final judgment is entered pursuant to Fed. R. Civ. P. 54(b) in favor of Defendants and against Plaintiff on the three original claims in Plaintiff's Complaint which were dismissed on September 6, 2006 and July 19, 2007.

DATED at Denver, Colorado, this  24th  day of April, 2008, *nunc pro tunc* February 15, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court