IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01382-ZLW-KLM

KENNETH E. PEPER,

    Plaintiff,

v.

DEPARTMENT OF AGRICULTURE OF THE UNITED STATES OF AMERICA,
MIKE JOHANS, SECRETARY IN HIS OFFICIAL CAPACITY,
FOREST SERVICE OF THE UNITED STATES OF AMERICA, and
DALE BOSWORTH, AS CHIEF IN HIS OFFICIAL CAPACITY,

    Defendant,

_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on:

    (1) **Plaintiff's Motion to Clarify Issues for Adjudication and/or Plaintiff's Motion to Amend Complaint to Include Claim for Prescriptive Rights under Colorado Statutory Law** [Docket No. 85; Filed May 15, 2008] (the "Motion to Clarify");

    (2) **Plaintiff's Motion for a De Novo Non-Jury Trial on All Issues Pending in the Second Amended Complaint** [Docket No. 86; Filed May 16, 2008] (the "Motion for Trial"); and

    (3) Plaintiff's **Motion to Supplement the Record with Affidavits, Deposition, and Interrogatory Answers of the Defendants** [Docket No. 89; Filed May 27, 2008] (the

1

"Motion to Supplement").

The Court must construe the motions liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Motions, Defendants' Responses [Docket No. 91; Filed June 5, 2008]; [Docket No. 92; Filed June 5, 2008] and [Docket No. 93; Filed June 5, 2008], the entire case file and applicable case law and is sufficiently advised in the premises.

**I.     Procedural Background**

Plaintiff filed his Complaint in July of 2004, alleging that Defendants failed to issue him a special use permit and/or an easement to access his property [Docket No. 1]. By Order dated September 5, 2006, the Court dismissed two of Plaintiff's claims, leaving only his claim for access to his property under the Alaska National Interest Land Conservation Act ("ANILCA") pending [Docket No. 28]. On May 15, 2007, Defendants notified the Court that they had issued Plaintiff two easements to access his property [Docket No. 37]. On July 20, 2007, Senior Judge Zita L. Weinshienk held a hearing on Plaintiff's claims, during which she both dismissed Plaintiff's claim brought pursuant to ANILCA and granted Plaintiff leave to file an Amended Complaint asserting a claim for review of the agency decision under the Administrative Procedure Act ("APA") [Docket No. 48]. Plaintiff filed his Second Amended Complaint on September 12, 2007 [Docket No. 51]. Plaintiff's Second Amended Complaint included a claim for relief purportedly brought under the APA. The Claim

generally asserts that in granting Plaintiff a special use permit, the Defendants placed "complex, arbitrary and capricious requirements upon Plaintiff as conditions precedent. . . with the intent of preventing the Plaintiff from using and enjoying his property." *Complaint* [#51] at ¶ 27.

The Administrative Record ("AR") in this case was filed on April 29, 2008 [Docket No. 77]. Michael D. Johnson, Realty Specialist for the Boulder Ranger District for the United States Forest Service, filed a certification attached to the AR that attests that the AR contains all documents pertinent to the challenged agency decision that are in the possession of the agency. *See AR* [#77] at Ex. A.

At a status conference held on April 30, 2008, the Court explained to Plaintiff that the legal issue to be decided with respect to his APA claim is whether the government made an arbitrary and capricious decision in granting him a special use permit [Docket No. 84, at 11-12, 14]. The Court further explained that it is not permitted to give legal advice to litigants, whether *pro se* or otherwise. *Id.* at 13. Finally, the Court informed Plaintiff that he would have to seek legal advice if he wished to pursue what he called " a *de novo* trial." *Id.* at 19.

    **A.**    **Motion to Clarify**

Plaintiff requests that this Court issue an "order clarifying the issues that are actually pending in this cause under the Second Amended Complaint or in the alternative to specifically allow Plaintiff to amend this complaint to include the alternate claim of Prescriptive Rights under Colorado Statutory Law . . . ." *Motion to Clarify* [#85] at 1.

3

Plaintiff should not be confused about the single claim currently pending in this case, as the Second Amended Complaint was filed by him voluntarily, purportedly to seek redress of legal rights that Plaintiff asserts were violated by Defendants. Plaintiff's alleged need for clarification about a legal claim which he himself has chosen to file in court does not bode well for the future of that claim, and should prompt Plaintiff to reconsider both his need for legal advice and the viability of this action as a whole.

As the record amply demonstrates, Senior Judge Weinshienk allowed Plaintiff to "file an Amended Complaint on or before September 18, 2007, setting forth a claim for review of the agency decision under the Administrative Procedure Act (APA), *which then shall be the only claim at issue in this case.*" [Docket No. 47; Filed July 20, 2007] (emphasis provided). In Judge Weinshienk's Order denying Plaintiff's Motion for Reconsideration, she again emphasized that "[w]hether the [agency] adequately addressed Plaintiff's pre-existing rights of access is properly addressed in an Administrative Procedure Act (APA) claim, which is *Plaintiff's sole remaining claim in this case.*" [Docket No. 59; Filed February 14, 2008 at 4] (emphasis provided). Further, in this Court's Order denying Plaintiff's Motion to Reinstate Discovery, I noted that Plaintiff's Second Amended Complaint [#51] contained two claims for relief, a purported quiet title claim and an APA claim [Docket No. 68; Filed April 11, 2008]. Accordingly, I held as follows:

> The Court . . . notes that Plaintiff previously attempted to file a First Amended Complaint [Docket No. 41; Filed June 12, 2008] containing similar allegations in support of a quiet title claim as those currently in his Second Amended Complaint. Plaintiff's First Amended Complaint was treated as a Motion to Amend by the [District] Court and was denied and stricken from the record [Docket No. 43; Filed June 14, 2997]. Plaintiff was granted leave to file a

4

> Second Amended Complaint containing allegations related to his APA claim
> <u>only</u>. Plaintiff's attempts to re-package his previously-dismissed claims or
> further amend his complaint are unavailing.

*Id.* My Order made it clear that Plaintiff has not been permitted to proceed with a quiet title claim in this action. *Id.*

In light of the numerous occasions on which the Court has stated that Plaintiff's sole remaining claim for relief is his APA claim, and the clear and unequivocal orders entered by this Court and Senior Judge Weinshienk on this issue, the Court simply refuses to spend any more time on this issue. To the extent that Plaintiff's difficulty is that he does not understand how to prove his APA claim, the Court reiterates that it cannot, and will not, give legal advice to the parties. Although Plaintiff is permitted to pursue his legal claim without obtaining the assistance of an attorney, he does so at his peril. To the extent that Plaintiff does not understand the basis for, purpose of, or legal ramifications of his remaining claim, he has three choices: (1) to file a motion to voluntarily dismiss it pursuant to Fed. R. Civ. P. 41(a)(2); (2) to obtain legal advice; or (3) to muddle through without legal advice. He does <u>not</u> have the option of requesting or obtaining legal advice from the Court or seeking to amend his complaint yet again.

Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's Motion to Clarify Issues for Adjudication and/or Plaintiff's Motion to Amend Complaint to Include Claim for Prescriptive Rights under Colorado Statutory Law** [Docket No. 85; Filed May 15, 2008] is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** to the extent that it seeks redundant clarification that Plaintiff's sole remaining claim is his APA claim.

The Motion is **DENIED** to the extent that it seeks any further explanation of how to prove that claim or the legal principles governing it. The Motion is also **DENIED** to the extent that Plaintiff again seeks to amend his Complaint. Any further attempts by Plaintiff to amend his Complaint will be summarily denied and may result in the imposition of sanctions.

### B. Motion to Supplement

Plaintiff requests that the Court allow Plaintiff to supplement the Administrative Record ("AR") with affidavits containing information regarding twelve "relevant factors" that Plaintiff believes the Court needs to review, or in the alternative, that the Court allow Plaintiff to conduct full discovery. *Motion to Supplement* [#89] at 3-7. Defendants contend that Plaintiff's Motion to Supplement is untimely under the deadlines set forth by this Court during the April 30, 2008 status conference. *Response* [#92] at 4. In the alternative, Defendants argue that the information Plaintiff seeks to add to the AR should not be allowed, as it was not before the Agency when the decision at issue was made and therefore is not properly included in the AR. *Id.* at 5-6.

As a preliminary matter, the Court must address whether the Motion to Supplement is untimely pursuant to the deadlines established at the April 30, 2008 conference. During that conference, the Court explained that a motion to supplement would entail Plaintiff asking permission to supplement the AR with information that was already in his possession, or information obtained through discovery, should discovery be permitted by the Court. The Court set a June 30, 2008 deadline for filing such a motion based upon information already in plaintiff's possession. *Response* [#92] at Ex. A, pgs. 8-9. The Court

6

further explained that if Plaintiff was going to seek discovery to obtain information that he did not possess, the deadline for requesting permission to conduct discovery would be May 20, 2008. *Id.* at 9.

Plaintiff's Motion to Supplement was filed on May 27, 2008, which places it within the deadline to file a motion to supplement, but makes it untimely under the deadline to file a motion for discovery. Instead of presenting the "affidavits" Plaintiff would like to include in the AR, Plaintiff submitted a list of "relevant factors" that he believes should be considered by the Court in deciding the case. He further suggested that "expert opinion is needed" for proper consideration of the case. As far as the Court can ascertain, the information which Plaintiff seeks to add to the AR consists of some that was already in his possession (that to be offered in his own affidavit) and some that he would attempt to obtain through discovery (expert testimony). *Motion to Supplement* [#89] at pgs. 3-6. To the extent that Plaintiff seeks to take discovery to obtain any information that is not in his possession, this request is **DENIED** as untimely.[1] To the extent that Plaintiff seeks to supplement the AR with information that is already in his possession, this request is examined below.

The courts review agency action under an "arbitrary [and] capricious" standard. 5 U.S.C. § 706(2)(A). The crucial question under the arbitrary and capricious standard is

---

[1]The Court notes that even had Plaintiff submitted a Motion for Discovery that was timely under the deadlines set forth during the April 30 hearing, the right to discovery in such a case is extremely limited, and it is doubtful that such a Motion would have been granted on its merits. *See, e.g., Olenhouse*, 42 F.3d at 1575; *Bar MK Ranches*, 994 F.2d at 740.

"whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *McAlpine v. U.S.*, 112 F.3d 1429, 1436 (10th Cir. 1997) (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971)). However, in making this inquiry, the Court may not substitute its judgment for that of the agency, but may only consider the relevant factors. *McAlpine*, 112 F.3d at 1436. The court may not set aside the agency's decision as arbitrary and capricious unless there is no rational basis for the action. *Utahns for Better Transp., Inc., v. United States Dep't of Transp.*, 305 F.3d 1152, 1165 (10th Cir. 2002). Moreover, "[j]udicial review under [the arbitrary and capricious] standard[] is generally based on the administrative record that was before the agency at the time of its decision . . . ." *Lewis v. Babbitt*, 998 F.2d 880, 882 (10th Cir. 1993) (citing *Citizens to Preserve Overton Park*, 401 U.S. at 419). The court "must have before it the 'whole record' on which the agency acted," *Appalachian Power Co. v. EPA*, 477 F.2d 495, 507 (4th Cir. 1973), and "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The whole administrative record is comprised of "all documents and materials directly or indirectly considered by the agency." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993) (citations omitted).

Given the standard of review regarding Plaintiff's APA claim, courts have only allowed for supplementation of the administrative record in "extremely limited" circumstances. *American Mining Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985).

8

For instance, "[i]f the agency has failed to provide a reasoned explanation for its action, or if limitations in the administrative record make it impossible to conclude the action was the product of reasoned decisionmaking, the reviewing court may supplement the record or remand the case to the agency for further proceedings." *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1575 (10th Cir. 1994) (citations omitted). In addition, "[w]hen a showing is made that the record may not be complete, limited discovery is appropriate to resolve that question." *Bar MK Ranches*, 994 F.2d at 740 (citing *Tenneco Oil Co. v. Dep't of Energy*, 475 F.Supp. 299, 317 (D.C.Del. 1979)). However, the agency is entitled to the presumption that they "properly designated the Administrative Record absent clear evidence to the contrary." *Bar MK Ranches*, 994 F.2d at 740.

Plaintiff has not made a sufficient showing that the agency failed to provide a "reasoned explanation" for the challenged action or that there are limitations in the AR that "make it impossible to conclude the action was the product of reasoned decisionmaking . . . ." *Olenhouse*, 42 F.3d 1575. Moreover, even were Plaintiff to make and properly support such a showing, the proper remedy would be to remand the case to the agency to further develop the record. *See Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("If the record. . . does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course . . . is to remand to the agency . . . ."). Plaintiff has also failed to allege or show that the record is incomplete, and indeed, the agency is entitled to the presumption, absent clear evidence

9

to the contrary, that the record has been properly designated.  *See Bar MK Ranches*, 994 F.2d at 740.  Other than his allegations that the issues in this case are "complex and require information outside the cold administrative record to assist the court in making a fair and legal decision," Plaintiff completely fails to substantiate his need to supplement the AR.  *Motion to Supplement* [#89] at 2-3.   Plaintiff has not demonstrated that the AR is insufficient for the Court to make a determination on Plaintiff's claim, or that the information Plaintiff seeks is necessary for adequate judicial review.

Accordingly, IT IS HEREBY **ORDERED** that **Motion to Supplement the Record with Affidavits, Deposition, and Interrogatory Answers of the Defendants** [Docket No. 89; Filed May 27, 2008] is **DENIED**.

### C. Motion for Trial

Plaintiff finally requests that the Court schedule a "De Novo Non-Jury trial" as well as cancel the pending administrative process and allow full discovery in this case.  *Motion for Trial* [#86] at 5.  Defendants argue that a *de novo* review of a case brought pursuant to the APA is only available in very limited circumstances, and that Plaintiff has not alleged such circumstances.  *Response* [#91] at 5.

The APA provides, in relevant part, that the court shall "hold unlawful and set aside agency action, findings, and conclusions of law found to be . . . arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law . . . ." 5 U.S.C. § 706.  "The only material facts in an APA-review case are those contained in the administrative record; thus, it follows that [the court is] not 'free to hold a *de novo* hearing . . . and thereafter

determine whether agency action was unwarranted by the facts.'" *Qualmed, Inc. v. Office of Civilian Health and Medical Program of the Uniformed Services*, 934 F.Supp. 1227, 1236 (D.Colo. 1996) (quoting *Camp v. Pitts*, 411 U.S. 138, 141-142 (1973)); *see also Southern Utah Wilderness Alliance v. U.S. Forest Service*, 897 F.Supp. 1394, 1397 (D.Utah 1995) ("[T]he reviewing court is generally not empowered to conduct a *de novo* inquiry into the matter and to reach its own conclusions."). That is, "*de novo* review is appropriate only where there are inadequate factfinding procedures in an adjudicatory proceeding, or where judicial proceedings are brought to enforce certain administrative actions." *Camp*, 411 U.S. at 141-42 (citing *Citizens to Preserve Overton Park, Inc.*, 401 U.S. at 415). Neither of these circumstances are present here, as this is an action for review of an administrative proceeding, not an adjudicatory proceeding, and Plaintiff is attempting to challenge, not enforce, an administrative action. Accordingly, Plaintiff does not allege either circumstance in which a *de novo* review of his claim would be appropriate. Further, while Plaintiff's Motion for Trial against requests that he be allowed discovery, Plaintiff has not established that he is entitled to discovery, as discussed *supra* at 4-8.

Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's Motion for a De Novo Non-Jury Trial on All Issues Pending in the Second Amended Complaint** [Docket No. 86; Filed May 16, 2008] is **DENIED**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: July 3, 2008